# *United States District Court*

_____ **MIDDLE** _____ **DISTRICT OF** _____ **ALABAMA** _____

| | |
|---|---|
| **In the matter of the Search of** | **APPLICATION AND AFFIDAVIT** |
| (Name, address or brief description of person, property or premises to be searched) | **FOR SEARCH WARRANT** |

3850 McGhee Place Drive South
Apartment 4521-B
Montgomery, AL 36111

CASE NUMBER: *2:05 mj 96 – W*

I _____ Margaret Faulkner _____ being duly sworn depose and say:

I am a(n) ___ Special Agent, Federal Bureau of Investigation ___ and have reason to believe

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

3850 McGhee Place Drive South, Apartment 4521-B, Montgomery, AL 36111

in the _____ Middle _____ District of _____ Alabama _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

## SEE ATTACHMENT B

which is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**property that constitutes evidence of the commission of a criminal offense,**

concerning a violation of Title 18, United States Code, Section 2252.

The facts to support the issuance of a Search Warrant are as follows:

### See Attached Affidavit

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

_Signature of Affiant_

Sworn to before me and subscribed in my presence,

7/28/05
Date

at _ Montgomery, Alabama _____
City and State

SUSAN RUSS WALKER, U.S. Magistrate Judge
Name & Title of Judicial Officer

_Signature of Judicial Officer_

## AFFIDAVIT

I Margaret L. Faulkner do depose and state the following:

(1). I am a Special Agent with the FBI and have been so employed for the past 17 1/2 years. Prior to my employment with the FBI, I was employed with the Montgomery Police Department fo 10 1/2 years. While employed with the Montgomery Police Department I investigated child sex crimes as part of my investigative responsibilities for 5 of the 10 1/2 years. Presently I am the Crimes Against Children Coordinator for the Middle District of Alabama and have attended numerous FBI schools dealing with Child Sex Crimes to include schools educating investigators on Child Pornography on the Internet and Child Sex Rings.

(2). This affidavit is being made in support of a search warrant for the residence of 3850 McGhee Place Drive, South, Apartment 4521-B, Montgomery, Alabama, 36111. The information contained in my search warrant is based upon my own investigation and experience, as well as information provided by other law enforcement officials, including Federal Bureau of Investigation Task Force Agent Phillippe G. Dubord, Tampa Division, Florida. Because this affidavit is being submitted for the purpose of securing a search warrant, it does not contain all the information from the investigation, but only those facts deemed necessary to establish probable cause for the requested search warrant.

(3). I have probable cause to believe that evidence in violations of Title 18, United States Code, Section 2252 (Certain activities relating to material involving the sexual exploitation of minors and 2252A (Certain activities relating to material constituting or containing child pornography), instrumentalities of such violations, and any fruits of the crime can be located at 3850 McGhee Place Drive South, Apartment 4521-B, Montgomery, Alabama, 36111.

(4). Title 18, United States Code, Section 2252(a)(1)(A)(B) provides, in pertinent part that: Any Person who knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depictions is of such conduct ... shall be fined under this title and imprisoned not less than five years and not more than 20 years, but if such person has a prior conviction under this chapter or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than fifteen years nor more than forty years.

(5). Title 18, United States Code, Section 2252A(a)(1) provides, in pertinent part that any person who knowingly mails, or transports or ships in interstate of foreign commerce by any means, including by computer, any child pornography, shall be fined under this title and imprisoned not less than five years and not more than 20 years, but if such a person has a prior conviction under this chapter, or under the laws of any State relating to aggravated sexual abuse sexual abuse, or the production, possession, receipt, mailing, sale, distribution, shipment, sexual abuse, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than fifteen years nor more than forty years.

## THE FOLLOWING DEFINITION ARE PERTINENT TO THIS INVESTIGATION

(6). **CHILD PORNOGRAPHY**: as used in this affidavit, includes the definitions in Title 18, USC Sec 2256 as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct as defined in Title 18, USC Sec 2252.

(7).. **Child Erotica** is any material, relating to children, that is sexually arousing to a given individual, but that is not, in and of itself, obscene or illegal. Some of the more common types of child erotica include drawings, fantasy writing, diaries, and pictures of children that are not sexually explicit

(8). The term **"computer"** as used in this affidavit is defined pursuant to Title 18 USC Sec 1030(e)(1) as an electronic magnetic, optical, electrochemical or other high speed data processing devise performing logical or storage functions and includes any data storage facility or communications facility directly related to, or operating in conjunction with such devices.

(9). **National Center for Missing and Exploited Children (NCMEC)** is a national clearing house that gathers information about missing and sexually exploited children for law enforcement use.

(10). **CyberTip** is a complaint/report dealing with child exploitation matters that can be filed over the internet by ISPs and/or individual persons. The NCMEC receives these CyberTip reports.

(11). The **internet** is a collection of computers and computer networks which are connected to one another via high-speed data links and telephone lines for the purpose of sharing information. Connections between internet computers exist across state and international borders and information sent between computers connected to the Internet may cross state and international borders, even if those computers are located in the same state.

(12). An **Internet Service Provider (ISP)** is a commercial service that provides internet connections for its subscribers. In addition to providing access to the internet via telephone or other telecommunications lines, ISPs may also provide internet email accounts and other services unique to each particular ISP.

(13). Computers connected to the internet are identified by addresses. Internet addresses are unique and can be resolved to identify a physical location and a specific computer connection. Internet address take on several forms, including **Internet**

**Protocol (IP) addresses, Uniform Resource Locator (URL) addresses**, and **domain addresses**. A domain address of "mymachine@mydomain.com" defines a computer called "mymachine" within the "mydomain.com" internet domain.

(14). The **Internet Protocol (IP) address** is a unique numeric address used by computers on the internet. An IP address is a series of four numbers, separated by periods (e.g., 123.45.67.890). Every computer attached to the internet must be assigned a unique IP address so that internet traffic sent from and directed to that computer may be directed properly from its source to its destination.

(15). **Modems** permit a connection to the internet over the same lines used for telephone or cable service. The modem allows a user to physically dial into his or her ISP from any location with a telephone line or in the case of a cable modem, provides an "always on" connection through the subscribers cable service.

(16). **Computer hardware** consists of all equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer data. Hardware includes, but is not limited to, any data processing service (such as central processing units (CPUs), self-contained "laptop" or "notebook" computers); internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, and other memory storage devices); peripheral input/output devices (such as keyboards, printers, scanners, plotters, and video display monitors); and related communications devices (such as modems, cables and connections, recording equipment, and RAM and ROM units); as well as devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks).

(16). 14. **Computer software** is digital information which can be interpreted by a computer and any of its related components to direct the way they work. Software is stored in electronic, magnetic, optical, or other digital form, it commonly includes programs to run operating systems, applications (like work-processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs.

(17). **Computer passwords and other data security devices** are designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programing code. A password usually operates as soft of a digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software or digital code may encrypt, compress, hide, or protect data to make it inaccessible or unusable.

## LOCAL INVESTIGATION

(18). On May 2, 2005, I received information from Task Force Agent Philippe Dubord, Tampa Federal Bureau of Investigation regarding a child pornography investigation involving Glenn Charles Toups.

(19). Specifically, Hillsborough County Sheriff's Office in Tampa, Florida received a complaint from National Center for Missing and Exploited Children that Gabriel Beltram, was known to be trading images of child pornography. Hillsborough County Sheriffs Office obtained a state search warrant for Gabriel Beltram and seized his computer. Beltram made admissions to investigators that he traded child pornography and had traded such images with other America On Line members. Hillsborough Sheriffs Office then contacted the Tampa FBI regarding this information.

(20). Tampa Federal Bureau of Investigation Task Force Agent Philippe Dubord reviewed forensic evidence obtained from the computer and found numerous America On Line members sent and received email messages with attached suspected images of child pornography and videos.

(21). Task Force Agent Dubord subpoenaed subscriber information for these America On Line screen names. One of the screen names located on Beltram's computer with email attachments of suspected child pornography was "nudetooldad". America On Line advised this screen name had been assigned to an account subscribed to by G.

Toups, 3580 McGehee Place , 4521, Montgomery, Alabama, 36111, US, telephone number 334-280-3630. America On Line further advised this screen name had been deleted by the America On Line member but has not been reassigned to any other account as of January 1, 2005.

(22). America On Line advised this is an active account and has been active since April 7, 2003 and that screen names such as gtoups8(*), submisssnglmom and lisa12sexy were also associated with this account. America On Line further advised this account in billed to a Glenn C. Toups.

(23). Computer searches for G. Toups identified a Glenn Charles Toups, white male, 3580 McGehee Place Drive, South, Apartment 4521-B, Montgomery, Alabama, 36111-3506 , telephone number 334-280-3630, Date of Birth 07/18/1949, Social Security Account Number 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. This computer search listed no other house hold members.

(24). An Alabama Drivers License search identified a valid drives License for Glenn Charles Toups, 3580 McGhee Place Drive, South, Apartment 4521, Montgomery, Alabama, 36111, Date of Birth 07/18/1949, Social Security Account Number 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, 5'9", 195 pounds, Hazel eyes and brown hair, Alabama Drives License number 7431830.

(25). A physical surveillance for 3580 McGhee Road, Montgomery, Alabama identified a gated apartment complex that requires an access code to gain entry to this property.

(26). On May 11, 2005, the manager of McGhee Road Apartments, 3580 McGhee Road, Montgomery, Alabama was contacted and advised that Glenn Charles Toups, Date of Birth July 18, 1949, social Security Account 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 did reside at this location, and had resided at apartment 4521-B since 2002 and had recently renewed his lease.

(27). On July 26, 2005, Regions Bank Corporate Security was contacted and advised Glenn C. Toups was employed at Regions Bank as a computer analysis and lists

him home address as 3850 McGhee Place Drive South, Apartment 4521-B, Montgomery, Alabama.

(28). On July 26, 2005, SA Faulkner reviewed approximately 30 child pornography images attached to e-mails which were located on Gabriel Beltram's computer and received from "nudetooldad". These images appeared to be children ranging in age from 2 years to 9 years and who were engaged in sexual activity with adults. Two of the images were recognized as known images, that is images of children who are known to be real children and whose identity are known.

**Pursuant to my training and experience, I know the following:**

(29). The majority of individuals who collect child pornography and subscribe to child pornography Websites are persons who have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by depiction of children that are sexual in nature.

(30). Individuals whose sexual objects are minors commonly collect and save child pornography as representations of their sexual fantasies. These include explicit reproductions of a child's image, voice, or handwriting, and they include computer image files, photographs, negatives, magazines, motion pictures, video tapes, books, slides, audiotapes, handwritten notes, drawings or other visual media.

(31). Individuals who collect child pornography usually keep and cherish it and they rarely throw it away. They typically keep it for many years, and will not be without it for long periods of time. These materials are usually maintained in a secure place, most often a residence, to avoid detection by law enforcement.

(32). Child Pornography is a permanent record of the sexual abuse of a child victim. Each time child pornography is reproduced, downloaded, or forwarded by an Internet user, the victimization of the minor appearing in the pornography is perpetuated. Such items are important evidence and indications of an individual whose sexual objects

are children and of that individual's motive, intent, and predisposition to violate Section 13A-12-192 of the Code of Alabama and Title 18 USC SEC 2251(a)(b)(c)(A).

(33). Individuals who collect child pornography often correspond or meet others to share information and material, rarely destroy correspondence from other child pornographers, conceal such correspondence as they do their sexually explicit material and often maintain lists of names, addresses, telephone numbers and screen names of individuals with whom they have been in contact and who share the same interests in child pornography.

(34). The majority of individuals who collect child pornography maintain books, magazines, newspapers and other writing, in hard copy or digital medium, on the subject of sexual activities with children, as a way of understanding their own feelings toward children, justifying those feelings and finding comfort in the fact that they are not alone in their illicit desires and behavior focused on children. Such individuals rarely destroy these materials because they play an integral role in their fantasy lives and provide them with psychological support.

## CONCLUSION

(35). Based on the facts and circumstances summarized above in this affidavit, I believe there is probable cause to believe that evidence, fruits and instrumentalities of violations of Title 18, United States Code 2252 and 2252A, involving the possession and distribution of child pornography, are located at 3850 McGhee Place Drive South, Apartment 4521-B, Montgomery, Alabama, 36111, which is located in the Middle District of Alabama.

Margaret L. Faulkner
Federal Bureau of Investigation

Sworn and subscribed
before me this _28th_
day of July, 2005

United States Magistrate Judge

**ATTACHMENT "B"**
**PROPERTY TO BE SEIZED**

1.      Tapes, cassettes, cartridges, streaming tape, commercial software and
        hardware, computer disks, disk drives, monitors, computer printers, modems,
        tape drives, disk application programs, data disks, system disk operating
        systems, magnetic media floppy disks, CD-ROMs, CD-RWs, CD-Rs, DVDs,
        hardware and software operating manuals, tape systems and hard drive and
        other computer related operation equipment, digital cameras, scanners in
        addition to computer photographs, Graphic Interchange formats and/or
        photographs, undeveloped photographic film, slides, or other visual depictions
        of such Graphic Interchange format equipment that may be or are used to
        depict child pornography, child erotica, information pertaining to the sexual
        interest in child pornography, sexual activity with children or the distribution,
        possession or receipt of child pornography, child erotica or information
        pertaining to an interest in child pornography and the data within the aforesaid
        objects relating to said materials.

2.      Correspondence pertaining to the possession, receipt or distribution of visual
        depictions of minors engaged in sexually explicit conduct.

3.      Visual depictions of minors engaged in sexually explicit conduct in whatever
        form, including, but not limited to books, magazines, photographs, negatives,
        films or videocassettes containing such images.

4.      Envelopes, letters and other correspondence including, but not limited to,
        electronic mail, chat logs, and electronic messages that:

        a.  Offer to transmit through interstate or foreign commerce, including by
            United States mail or by computer, visual depictions of minors engaged in
            sexually explicit conduct;
        b.  Solicit minors to engage in sexually explicit conduct for the purposes of
            producing child pornography;
        c.  Identify persons transmitting any visual depiction of minors engaged in
            sexually explicit conduct.

5.      Books, ledgers and records bearing on the production, reproduction, receipt,
        shipment, orders requests, trades, purchases or transactions of any kind
        involving the transmission of any visual depiction of minors engaged in
        sexually explicit conduct.

6.      Address books, mailing lists, supplier lists, mailing address labels and any and
        all documents and records pertaining to the preparation, purchase and
        acquisition of names or lists of names to be used in connection with the

purchase, sale, trade or transmission of any visual depiction of minors engaged in sexually explicit conduct.

7. Address books, names, lists of names and addresses of minors visually depicted while engaged in sexually explicit conduct.

8. Diaries, notebooks, notes and other records reflecting personal contact and other activities with minors visually depicted while engaged in sexually explicit conduct.

9. Materials and photographs depicting sexual conduct between adults and minors.

10. Records evidencing occupancy or ownership of the premises known and described as including, but not limited to, utility and telephone bills, mail envelopes or addressed correspondence.

11. Records or other items which evidence ownership or use of computer equipment found in the above residence, including, but not limited to, sales receipts, bills for Internet access, handwritten notes and handwritten notes in computer manuals.

12. Any and all records, documents, invoices and materials that concern any Internet accounts.

13. Any of the items described in paragraphs 1-12 above that are stored in the form of magnetic or electronic coding on computer media, or media capable of being read by a computer, with the aid of computer related equipment, including floppy diskettes, CD-ROMs, CD-Rs, CD-RWs, DVDs, fixed hard drives or removable hard disk cartridges, software or memory in any form. The search procedure for electronic data contained in computer operating software or memory devices, where performed onsite or in a laboratory, or other controlled environment, may include the following techniques:

    a. The seizure of any computer or computer related equipment or data, including floppy diskettes, CD-ROMs, CD-Rs, CD-RWs, DVDs, fixed hard drives or removable hard disk cartridges, software or memory in any form containing material described above, and the removal thereof from the PREMISES for analysis by authorized personnel;

    b. Surveying various file "directories" and the individual files they contain (analogous to looking that the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

    c. "Opening" or cursorily reading the first few pages of such files in order to determine their precise contents;

    d. "Scanning" storage areas to discover and possibly recover recently deleted data;

e.  Scanning storage areas for deliberately hidden files; or

f.  Performing keyword searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation. Keywords include words relating to pornography, sex, genitalia, intercourse and topics relating to teen and pre-teen activities.